UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV0701 AGF |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's unopposed motion to dismiss the case for failure to exhaust administrative remedies. Plaintiff Maurice Holt filed this action pro se seeking judicial review of the denial of his application for Supplemental Security Income benefits. The record establishes that on June 6, 2003, an Administrative Law Judge (ALJ) denied Plaintiff's application. On April 15, 2005, the Appeals Council of the Social Security Administration granted Plaintiff's request for review and remanded Plaintiff's case to the ALJ. Plaintiff filed the present action on May 2, 2005, before the ALJ rendered a decision on remand. Defendant filed a motion to dismiss (Doc. # 12) for failure to exhaust administrative remedies on August 1, 2005. Plaintiff has not filed any response.

A Social Security claimant may only seek judicial review of a "final decision" by the Commissioner "made after a hearing." 42 U.S.C. § 405(g); Rowden v. Warden, 89 F.3d 536, 537 (8th Cir. 1996). Under the Commissioner's regulations, if an application for benefits is denied at the initial administrative level, a claimant may request a hearing before an ALJ. If the ALJ issues an unfavorable decision, the claimant may seek review by the Appeals Council. The Appeals Council may deny or dismiss the request for

review, or it may grant the request and either issue a decision or remand the case to an ALJ. 20 C.F.R. § 404.967. On remand, the ALJ must take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order. Id. § 404.977(b). When the ALJ sends a case to the Appeals Council with a recommended decision, a notice is mailed to the parties telling them that the case has been sent to the Appeals Council, explains the rules for filing briefs or other written statements with the Appeals Council, and includes a copy of the recommended decision. Id. § 404.977 (c). A final decision exists once the Appeals Council has denied further review or has issued its own decision. Laird v. Ramirez, 884 F. Supp. 1265, 1284 (N.D. Iowa 1995).

"[E]xhaustion is a means to facilitate an administrative agency's efficient functioning, so that the agency may . . . have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record that is adequate for judicial review." McDonald ex rel. McDonald v. Massanari, 200 F.Supp.2d 1076, 1080-81 (E.D. Mo. 2001) (citation omitted) (action seeking judicial review of denial of benefits dismissed for failure to exhaust remedies where action was filed when a hearing before an ALJ was currently scheduled and there was no suggestion that it would not be held); see also Rowden, 89 F.3d at 537 (because claimant had not requested a hearing before an ALJ after the termination of his benefits, he had failed to exhaust his administrative remedies and district court properly dismissed the action). Although the exhaustion requirement may be waived in certain limited circumstances,[1]

---

[1] The exhaustion requirement may be waived where a claimant establishes a colorable constitutional claim collateral to the substantive claim; irreparable injury by enforcement of the exhaustion requirement; or that the purpose of exhaustion would not be served by requiring further administrative procedures. McDonald ex rel. McDonald, 200 F.Supp.2d at 1081 (citing Rodabaugh v. Sullivan, 943 F.2d 855, 857 (8th Cir. 1991)).

2

Plaintiff has not attempted to invoke any of these exceptions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the case for failure to exhaust administrative remedies is **GRANTED**, and this case shall be dismissed without prejudice to Plaintiff's right to seek judicial review once a final decision had been rendered in his case. [Doc. # 11]

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

Dated this 13th day of September, 2005.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE